UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SCOTTIE HULVEY                    ]
     Plaintiff,                   ]
                                  ]
v.                                ]      No. 3:13-1462
                                  ]      Judge Sharp
WARDEN CHARLES CARPENTER,         ]
et al.                            ]
     Defendants.                  ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Charles Carpenter, Warden of Riverbend; and three members of the Riverbend staff; seeking damages.

On September 4, 2013, the plaintiff was locked in his work area at the prison. Due the poor ventilation, the plaintiff became overheated and fell to the floor unconscious.

Upon discovering the plaintiff, he was taken to the clinic where x-rays were taken and he was examined by a physician. The plaintiff was kept in the clinic overnight for observation and was sent back to his cell the next day.

The plaintiff claims that the defendants sent him into a work area that they knew to be unsafe and that he was injured in

1

violation of his constitutional rights.

This action is being brought against the defendants in their official capacities only. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity of which the official is an agent. Matthews v. Jones, 35 F.3d 1046,1049 (6th Cir.1994); *see also* Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against the State of Tennessee, the entity responsible for the operation of the Riverbend Maximum Security Institution. Hafer v. Melo, 502 U.S. 21,25 (1991); *see also* Johnson v. Dellatifa, 357 F.3d 539, 545 (6th Cir.2004).

The Eleventh Amendment bars a suit in federal court by a citizen against a state unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will v. Michigan Department of State Police, *supra.* Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). As a consequence, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to

dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge